**FILED**
**CLERK**

2:47 pm, Aug 14, 2019

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
RANDALL KNIGHT,

       Plaintiff,

       -v-

NASSAU COUNTY,

       Defendant.
--------------------------------------------------------X
FEUERSTEIN, S., Senior District Judge:

Case No. 17-cv-0958 (SFJ)(SIL)
**Memorandum and Order**

I.     Introduction

Plaintiff Randall Knight ("Plaintiff" or "Randall") commenced this § 1983 action against

Defendant Nassau County ( "Defendant" or "County"), alleging, *inter alia*, retaliation in

violation of his First Amendment rights (*i.e.*, First Cause of Action), violation of his due process

rights enumerated and secured by the Fourteenth Amendment (*i.e.*, Second Cause of Action), and

a retaliation claim pursuant to 42 U.S.C. § 1981 (*i.e.*, Fifth Cause of Action).  (*See generally*

Complaint ("Complaint")(ECF No. 1).)  Presently before the Court is the County's motion

seeking summary judgment in its favor on all of Plaintiff's claims[1] (hereafter, the "Summary

Judgment Motion") (*see* ECF No. 17), which the Plaintiff opposes (hereafter, "Opposition" or

"Opp'n")(ECF No. 17-3).  For the reasons that follow, the County's Motion is DENIED without

prejudice.

---

[1]  Plaintiff originally brought five causes of action; he has since withdrawn his Third and Fourth
Causes of Action.  (*See* January 18, 2019 Minute Entry (ECF No. 13).)  The County seeks
summary judgment on Plaintiff's remaining causes of action, *i.e.*, his First, Second, and Fifth
Causes of Action.

II.     Background

    *A. Factual Background*

       1. As stated by the County

In noncompliance with Local Rule 56.1 of the Joint Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York (hereafter, the "Local Rules"), the County has failed to present the Court with a Statement of Material Facts. *See* Local Rule 56.1(a); *see also* Local Rule 56.1(c), (d). Rather, in its supporting memorandum (hereafter, "Support Memo")(*see* ECF No. 17-2), in a section entitled "The Facts," the County states, *inter alia*, that on May 29, 2015, while working as a Nassau County probation officer, Plaintiff passed a red light in an unmarked vehicle while working in Long Beach, New York; Long Beach Police Officer Arroyo ("Arroyo") stopped the car; Plaintiff cursed at Arroyo "and then sped away without being granted permission to leave." (Support Memo at 1 (citing:[2] (1) Arbitration Opinion and Award, Case No. R 97-15 at 16-22, *attached as* Exhibit A to Support Memo; (2) Report of Police Officer Judy Arroyo, *attached as* Exhibit B to Support Memo; and (3) statements of Probation Officer Marta Del Valle, *attached as* Exhibit C).) Arroyo followed Plaintiff and pulled him over a second time. (*See id.*) Without identifying himself as a law enforcement officer, Plaintiff exited the car, approached Arroyo "in an aggressive manner" and called Arroyo a derogatory phrase, and "disobeyed an order to return to his vehicle." (*Id.* at 1-2.) "Arroyo feared for her safety and adopted a 'bladed stance' which involved placing her hand on her weapon." (*Id.* at 2.) At that point, Probation Office Del Valle ("Del Valle")(assigned to work with Plaintiff for the evening) exited the vehicle, identified herself and Plaintiff as Nassau

---

[2] This is the sole citation to its Exhibits that the County provides in its "Facts" section. Further, the only pinpoint citation provided relates to Exhibit A. The balance of the facts presented by the County are done so without any citation to the record.

County probation officers, and pushed Plaintiff into the vehicle "several times while he continued to yell and curse at . . . . Arroyo." (*Id.*) (Hereafter, the "Arroyo Incident".)

On the following Monday, June 1, 2015, Plaintiff angrily confronted Del Valle in her cubicle, banging on the cubicle while asking her why she reported the Arroyo Incident to her superiors. (*See id.*) Two other female probation officers witnessed this encounter and, like Del Valle, "were intimidated by Plaintiff's behavior." (*Id.*) Plaintiff was issued a "Notice of Personnel Action that detailed the 'On-Duty Misconduct' with which [Knight] was charged" and which led to a hearing at which Arroyo, Del Valle, and the two other probation officers testified. (*Id.*) The hearing was "before a neutral and independent Arbitrator" which Plaintiff attended and at which he was represented by counsel who presented evidence, cross-examined witnesses and offered arguments, and after which submitted a post-hearing brief. (*See id.*) The Arbitrator found Knight guilty of misconduct and behavior unbecoming an officer and ruled that discharge from his job was the appropriate penalty. (*See id.*) Thereafter, Knight was terminated as a probation officer. (*See id.*)

### 2. As stated by the Knight

In the absence of a Local Rule 56.1(a) statement of the facts by the movant/County, Knight was precluded from submitting a corresponding statement of facts. *See* Local Rule 56.1(b), (c). In his Opposition, though, Plaintiff includes a section entitled "Additional Disputed Material Facts ('ADMF')". (*See* Opp'n, Part III (listing 29 paragraphs of alleged ADMF (supported by citations to either Exhibits 1, 2, or 3, *i.e.*, Plaintiff's exhibits[3]).) According to

---

[3] The Court notes that Plaintiff also included two further exhibits with his Opposition: Exhibit 4 (*i.e.*, the Arbitration Opinion and Award, Case No. R 97-15, which the County submitted as its Ex. A), and Exhibit 5 (*i.e.*, the Report of Arroyo, which the County submitted as Ex. B). However, Knight has not cited to either of these exhibits in Part III of his Opposition.

Knight, Arroyo, engaging in racial profiling, pulled Knight over because he is a black person. (*See id.* at 8, ¶7; *see also id.* at 10, ¶23.)  Plaintiff claims that it was common knowledge in his department that he believed that Arroyo was racially motivated.  (*See id.* at 10, ¶23.)  He further contends that it was Arroyo who escalated the confrontations in Long Beach.  (*See id.* at 9, ¶16; *see also id.*, ¶ 12.)  Knight also disavows that his cubicle exchange with Del Valle was loud, aggressive, or involved him using profanity; instead, he claims that after a brief exchange with Del Valle, he tapped the top of her cubicle and left.  (*See id.* at 10, ¶19.)  Plaintiff maintains the investigation into the Arroyo Incident and his cubicle exchange with Del Valle were deficient because, *inter alia*, he was not asked his version of events and there was no inquiry into his personnel record from his time as an N.Y.P.D. police officer.  (*See id.* at 11, ¶¶ 26, 29.)

B. *Procedural Background*

On February 21, 2017, Plaintiff commenced this action, alleging that, as the result of his First-Amendment-protected complaints about racial profiling being directed at him, he was retaliated against by the County when it conducted a constitutionally inadequate internal investigation that led to his subsequent termination as a probation officer.  (*See* Complaint.)  On April 27, 2017, the County answered the Complaint, denying Knight's allegations and raising several affirmative defenses.  (*See* Answer (ECF No. 9).)

On April 16, 2018, the County moved for summary judgment in its favor as to all of Plaintiff's remaining claims.  As noted, neither the County's Motion nor Knight's Opposition were accompanied by a Local Rule 56.1 Statement.

III.    Discussion

   *A. Applicable Law*

      1. Motion for Summary Judgment Standard

"Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *ING Bank N.V. v. M/V TEMARA, IMO No. 9333929*, 892 F.3d 511, 518 (2d Cir. 2018) (quoting Fed. R. Civ. P. 56(a)); *accord Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018). In ruling on a summary judgment motion, the district court must first "determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations and citations omitted); *see also Ricci v. DeStefano*, 557 U.S. 557, 129 S. Ct. 2658, 2677 (2009) ("On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those facts." (emphasis added; internal quotations and citation omitted)).

In reviewing the record to determine whether there is a genuine issue for trial, the court must "construe the evidence in the light most favorable to the non-moving party," *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017) (quotations, alterations and citation omitted), and "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 45 (2d Cir. 2019) (quotations and citation omitted); *see also Hancock v. County of Rensselaer*, 823 F.3d 58, 64 (2d Cir. 2018) ("In determining whether there is a genuine dispute as to a material fact, we must resolve all ambiguities and draw all inferences against the moving party."). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine

issue for trial." *Ricci*, 557 U.S. at 586 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)); *accord Baez v. JetBlue Airways Corp.*, 793 F.3d 269, 274 (2d Cir. 2015).

"The moving party bears the initial burden of showing that there is no genuine dispute as to a material fact." *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) (quotations, brackets and citation omitted); *accord Jaffer*, 887 F.3d at 114. "[W]hen the moving party has carried its burden[,] . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . [,]" *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769 (2007) (quoting *Matsushita Elec.*, 475 U.S. at 586-87), and must offer "some hard evidence showing that its version of the events is not wholly fanciful[.]" *Miner v. Clinton County, N.Y.*, 541 F.3d 464, 471 (2d Cir. 2008) (quotations and citation omitted). The nonmoving party can only defeat summary judgment "by adduc[ing] evidence on which the jury could reasonably find for that party." *Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 56 (2d Cir. 2012) (quotations, brackets and citation omitted). Since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party[,] . . . [i]f the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)(quotations and citations omitted).

2. Local Rule 56.1 Statements

When moving for summary judgment, in addition to complying with the Federal Rule of Civil Procedure 56, the parties must comply with Local Rule 56.1. As the Second Circuit has instructed, the Local Rule 56 "requirement is strict". *T.Y. v. N.Y. City Dep't of Educ.*, 584

F.3d412, 417 (2d Cir. 2009). Rule 56.1's initial requirement is that, with each motion for summary judgment:

> there ***shall be*** annexed to the notice of motion *a separate, short and concise statement*, in numbered paragraphs, *of the material facts* as to which the moving party contends there is no genuine issue to be tried. ***Failure to submit a statement may constitute grounds for denial of the motion***.

Local Rule 56.1(a) (emphases added). "Rule 56.1 permits—but does not require—the denial of a non-compliant motion for summary judgment" where the movant "ha[s] failed to identify undisputed material facts, supported by admissible evidence, which would permit the court to evaluate and provide the factual bases" for its ruling on a motion for summary judgment." *Barkely v. Olympia Mortgage, Co.*, No 04-cv-0875(L), 2010 WL 3709278, at \*14 (E.D.N.Y. Sept. 13, 2010)(collecting cases where summary judgment motion was denied for movant's failure to comply with Rule 56.1). "When a moving party fails to file a statement as required under Local Rule 56.1, it is within the discretion of the court [whether] to overlook that failure or to deny the motion." *Doe v. Nat'l Bd. of Podiatric Med. Exam'rs*, No. 03-cv-4034, 2004 WL 912599, at \*3 (S.D.N.Y. Apr. 29, 2004)(citing *United States v. Abady*, No. 03-cv-1683, 2004 WL 444081, at \*2 (S.D.N.Y. Mar. 11, 2004)(collecting cases)).

Thereafter, "[t]he nonmoving party must respond to each numbered allegation in the moving party's statement and include, if necessary, a statement of the additional material facts, as to which a genuine issue exists. In the typical case, failure to respond to a Rule 56.1 statement results in a grant of summary judgment once the court assures itself that Rule 56's other requirements have been met." *Parris v. Acme Bus Corp.*, 956 F. Supp.2d 384, 392 (E.D.N.Y. 2013) (citing Local Rule 56.1(b); *T.Y.*, 584 F.3d at 417-18).

Relatedly, it is not the role of the Court to search the summary judgment record for evidence supporting a party's motion or opposition thereto. *See, e.g., N.Y.S. Teamsters Conf. Pension & Ret. Fund. v. Express Servs., Inc.*, 426 F.3d 640, 648-49 (2d Cir. 2005)(recognizing authority of district courts to institute local rules governing summary judgment submissions, which permits courts "to efficiently decide" such motions "by relieving them of the onerous task of 'hunt[ing] through voluminous records without guidance from the parties'" (further citations omitted)); *Ford v. Ballston Spa Cent. Sch. Dist.*, Nos. 05-cv-1198, 05-cv-1199, 2008 WL 697362, at *3 (N.D.N.Y. Mar. 13, 2008) (same); *Ohlson v. Cadle Co.*, No. 04-cv-3418, 2008 WL 4516233, at *5 (E.D.N.Y. Sept. 30, 2008)(admonishing counsel for failing "to provide any pinpoint citations to the deposition transcript or to direct the Court's attention to any particular testimony, apparently satisfied to have this Court hunt like a pig looking for truffles buried in the transcript" (citing as comparison to *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)("Judges are not like pigs, hunting for truffles buried in briefs."))).

### B. The Instant Case

Knight requests that the County's Summary Judgment Motion be denied because it "failed to comply with well-established federal and local rules by failing to submit a Rule 56.1 Statement of Undisputed Facts." (Opp'n at 7.) Indeed, it is well-settled that a court may deny a motion for summary judgment because the movant has not submitted a statement of undisputed facts. *See Barkely*, 2010 WL 3709278, at *14 (collecting cases).

Despite Knight having clearly pointing it out, the County does not address its Local Rule 56.1 deficiency. (*See* Reply (ECF No. 17-4), *in toto*.) That failure could be deemed the County's waiver of its opposition to Knight's Local Rule 56.1 non-compliance argument. *See, e.g., See, e.g., Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014)("[I]n the case of a

counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned."); *Camarda v. Selover*, 673 F. App'x 26, 30 (2d Cir. 2016)("Even where abandonment by a counseled party is not explicit, a court may infer abandonment from the papers and circumstances viewed as a whole." (internal quotation marks and citation omitted)); *Neurological Surgery, P.C. v. Travelers Co.*, 243 F. Supp.3d 318, 329 (E.D.N.Y. 2017)(deeming an argument waived because it was not addressed in a party's opposition brief); *see also Petrisch v. HSBC Bank USA, Inc.,* No. 07-cv-3303, 2013 WL 1316712, at *17 (E.D.N.Y. Mar. 28, 2013)(collecting cases holding that where party fails to address arguments in opposition papers on summary judgment motion, the claim is deemed abandoned); *Bryant v. S. Country Cent. Sch. Dist.*, No. 14-cv-5621, 2017 WL 1216553, at *19 (E.D.N.Y. Mar. 31, 2017)(in failing to pursue theory in support of claim, claim is deemed waived); *Robinson v. Am. Int'l Grp., Inc.*, No. 08-cv-1724, 2009 WL 3154312, at *4 & n.65 (S.D.N.Y. Sept. 30, 2009) (collecting cases where claims deemed abandoned for failing to oppose arguments raised in summary judgment motions), *aff'd,* 396 F. App'x 781 (2d Cir. 2010).

To the extent the County attempted to rectify its Local Rule 56.1(a) shortcoming by incorporating facts into its Reply memorandum, that attempt is unavailing. "A memorandum of law is not a proper vehicle through which to present facts to the Court." *Hooper v. Berryhill*, No. 15-cv-6646, 2017 WL 927843, *1 n.3 (S.D.N.Y. Mar. 8, 2017); *see also Giannullo v. City of N.Y.*, 322 F.3d 139, 142 (2d Cir. 2003)(stating that a memorandum of law "is not evidence at all"); *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009)("An attorney's unsworn statements in a brief are not evidence."); *Griffin v. Sheeran*, 767 F. App'x 129, 133 (2d Cir. 2019)(quoting *Kulhawik*). Relatedly, for the same reason, Knight's attempt to present evidence by way of his Opposition (*see* Opp'n, Part III ("Additional Disputed Material Facts")) is also ineffective.

Even if the County's rectification efforts regarding its Local Rule 56.1(a) deficiency were successful, where the County cites to entire exhibits, without greater specificity, the Court need not consider them. *See, e.g., Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470-71 (2d Cir. 2002)("[B]ecause nothing in the federal rules mandates that district courts conduct an exhaustive search of the entire record before ruling on a motion for summary judgment, district courts are entitled to order litigants to provide specific record citations."); *EC ex rel. RC v. County of Suffolk*, 882 F. Supp.2d 323, 338 n.5 (E.D.N.Y. 2012)("Mere reference, for example, to an entire deposition is not 'specific'."); *see also* Local Rule 56.1(c) (requiring each numbered paragraph to be "specifically controverted" by the party opposing summary judgment). "Naturally, any *factual statements must cite to the record with specificity* in the first instance." *EC ex rel. RC*, 882 F. Supp.2d at 338 n.5 (emphasis added). By not following the requirements of Local Rule 56.1(a), (b) or (c), instituted to obviate burdening the courts with the onerous task of hunting through voluminous records for evidence supporting a nonmovant's opposition, s*ee generally, e.g., Patacca v. CSC Hldgs, LLC*, No. 16-cv-679, 2019 WL 1676001, at *17 (E.D.N.Y. Apr. 17, 2019) (ruling it is "not role of the Court to search the summary judgment record for evidence supporting" a party's position)(citations omitted), and because the County has not provided specific citations to the exhibits cited in its Reply, the Court will not consider them.

IV.     Conclusion

Accordingly, in the absence of a record upon which the Court can base a ruling, IT IS HEREBY ORDERED that the County's Summary Judgment Motion is DENIED without prejudice to renew in compliance with Local Rule 56.1.[4]  Therefore and in accordance with my Individual Rule 4(B) (the "Bundle Rule"):

A.  the County shall have until September 16, 2019 to renew its summary judgment motion;

B.  Plaintiff shall have until October 16, 2019 to respond to the renewed motion; and

C.  the County shall have until October 30, 2019 to reply and file its fully-bundled renewed summary judgment motion.

* * *

The September 25, 2019 Status Conference is adjourned to January 15, 2020 at 11:15 a.m. (Courtroom 1010 of the Central Islip Federal Courthouse).

SO ORDERED this 14th day of August 2019 at Central Islip, New York.

/s/ *Sandra J. Feuerstein*

Sandra J. Feuerstein
United States District Judge

---

[4]  Further, the County is to ensure that its submissions are properly marginated.  Its current submissions suffer from the text not being fully captured within the page margins (*i.e.*, on the right-hand side of the County's Support Memo and Reply, the text "runs off" the pages), thereby hindering the Court's ability to read those submissions.