

20-2760-cv
Knight v. Nassau Cnty.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty-one.

PRESENT:  PIERRE N. LEVAL,
          JOSÉ A. CABRANES,
          MICHAEL H. PARK,
                    *Circuit Judges.*

---

RANDALL KNIGHT,

        *Plaintiff-Appellant,*                      20-2760-cv

v.

NASSAU COUNTY,

        *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**    Jeffrey D. Jones, The Jones Law Firm, Tulsa, OK.

**FOR DEFENDANT-APPELLEE:**    Jared A. Kasschau, Nassau County Attorney (Robert F. Van der Waag, Deputy County Attorney, *on the brief*), Mineola, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Randall Knight appeals a July 22, 2020 Memorandum and Order and July 24, 2020 judgment of the District Court granting Defendant-Appellee's second motion seeking summary judgment in its favor on all of Knight's claims. *Knight v. Nassau Cnty.*, No. 17-cv-0958, 2020 WL 4207439 (E.D.N.Y. July 22, 2020). Knight, a probation officer for Nassau County, brought several claims in response to Nassau County's decision to terminate his employment in June 2015. Nassau County terminated Knight for "misconduct and behavior unbecoming of an officer" during two incidents: first, in responding combatively and uncooperatively when Judy Arroyo, a City of Long Beach Police Officer, pulled him over for running a red light, and second, for confronting Martha Del Valle, his partner probation officer, in an intimidating manner after learning that she, who had been present during the initial incident, reported the incident to her supervisor. Knight alleges that Arroyo pulled him over because of racism and racial profiling, and that he spoke about racism and racial profiling by police departments to several members of the Nassau County probation office prior to his termination. Knight appeals the District Court's dismissal of three claims: (1) retaliation in violation of his First Amendment rights; (2) retaliation under 42 U.S.C. § 1981; and (3) violation of his due process rights under the Fourteenth Amendment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Reviewing the District Court's grant of summary judgment *de novo*, and drawing all reasonable inferences in Knight's favor, *see Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005), we affirm the District Court's dismissal of Knight's claims, substantially for reasons discussed by the District Court in its thorough Memorandum and Order.

Regarding his First Amendment retaliation claim, Knight must show that his speech was protected by the First Amendment, and that there was a causal connection between the protected speech and Nassau County's decision to terminate his employment. *See Montero v. City of Yonkers*, 890 F.3d 386, 394 (2d Cir. 2018). While comments made to Del Valle at a donut shop about racism in law enforcement were arguably protected by the First Amendment as a matter of public concern, Knight cannot base his claim on these comments because he has not shown that Del Valle had any supervisory or decision-making authority to terminate Knight in retaliation for his comments, or that she conveyed Knight's comments to any such person. As for Knight's alleged comments to Goldberg, the Assistant Probation Director, made after the incident, these were made in his defense against threatened discipline, seeking to justify his conduct with Officer Arroyo. These remarks sought to advance his personal stake in his employment and were not made "as a private citizen." *Garcetti v. Ceballos*, 547 U.S. 410, 418, 422 (2006). Accordingly, Knight failed to show retaliation in violation of his First Amendment rights.

We also affirm the dismissal of Knight's Section 1981 claim of retaliation for his anti-racism comments. To succeed on a Section 1981 retaliation claim, a plaintiff "must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013); *see Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). Knight failed to establish a genuine dispute as to whether any of the three statements he alleges he made could have been a but-for cause of his dismissal. As discussed above, he made no showing that his complaints to Del Valle in the donut shop were ever communicated to anyone with authority to discipline him. His complaints at the June 28, 2015 Termination Meeting could not have been the but-for cause of his termination because a Notice of Personnel Action ("NOPA") approving Knight's termination had already been prepared three days before he made the comments. As for the remarks he belatedly claimed to have made to Goldberg on June 1—assuming that Knight preserved this claim[1]—Knight failed to raise a triable issue of fact on causation because he submitted no evidence that directly, indirectly, or inferentially supported the proposition that anyone in the Nassau County probation office found his complaints against racism objectionable. Where the employer has identified a nonretaliatory basis for the imposition of discipline, the disciplined employee does not raise a triable issue of retaliation merely by showing that he made a remark protected by Section 1981.

Finally, we affirm the dismissal of Knight's claim of pre-termination deprivation of procedural due process rights.[2] "When . . . a public employee is terminated, procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards." *Locurto v. Safir*, 264 F.3d 154, 172 (2d Cir. 2001) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545–46 (1985)). Knight argues that the District Court's conclusion that Knight was provided an opportunity to be heard at the Termination Meeting prior to his termination conflicts with finding that Knight's statements at that meeting were insufficient to form a basis for the Section 1981 retaliation claim. We disagree. Knight was afforded the opportunity to be heard at the Termination Meeting, and the

---

[1] Knight argues that the District Court impermissibly declined to consider Knight's post-deposition Declaration. Knight's deposition testimony states that he did not communicate his version of the incidents to anyone in the Probation Department prior to his termination, yet his post-deposition Declaration states that Knight complained of racism to Goldberg before the termination meeting. Observing the conflict between the two statements, we decline to allow Knight to create an issue of fact through his Declaration. *See Knight*, 2020 WL 4207439, at *14 (collecting cases).

[2] Knight does not contest that he was provided with a full adversarial hearing post-termination. *See* Appellant Br. 25–27.

3

fact that his termination was approved prior to this meeting does not render that limited opportunity to be heard inadequate in light of the full adversarial hearing he was provided with afterwards.

## CONCLUSION

We have reviewed all other arguments raised by Knight on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 22, 2020 Memorandum and Order and July 24, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit